**Jeffrey GRUWELL, Plaintiff,**

v.

**ALLSTATE INSURANCE COMPANY, Michael Pedicone, and Michael A. Pedicone, P.A., Defendants.**

**C.A. No. 07C–12–190(JTV).**

Superior Court of Delaware, New Castle County.

Submitted: Nov. 7, 2008.
Decided: Feb. 27, 2009.

---

**31.** *Id.* at 14–15.

Kenneth M. Roseman, Esq., Wilmington, DE, for Plaintiff.

Kevin J. Connors, Esq., Marshall, Dennehey, Warner, Coleman & Goggin, Wilmington, DE, for Defendant, Allstate Insurance Company.

Colleen D. Shields, Esq., Elzufon, Austin, Reardon, Tarlov & Mendell, P.A., Wilmington, DE, for Defendants, Michael Pedicone, and Michael A. Pedicone, P.A.

## OPINION

VAUGHN, President Judge.

The plaintiff, Jeffrey Gruwell, operated a motor vehicle in such a manner as to crash with two other vehicles, one after the other in quick succession, causing injury to three persons in one of the vehicles and one person in the other. The vehicle Gruwell was driving was insured by Allstate Insurance Company. As is more fully explained below, one of the injured parties, Melissa Crawford, filed a suit against Gruwell which resulted in entry of a judgment against him which significantly exceeds the limits of the Allstate policy. One of the claims which he now asserts in this action is that Allstate failed in bad faith to settle the claim, which resulted in the judgment, by failing to interplead its policy.

Allstate has filed a Motion for Partial Judgment on the Pleadings in which it contends that its maximum liability to the plaintiff (and it does not concede any liability) is its per person policy maximum of $50,000, less $25,000 which it has previously paid to Crawford.

Gruwell contends that a Third Circuit case, *McNally v. Nationwide Co.*, in which the Third Circuit construed Delaware law, provides the legal basis for a cause of action based upon an insurer's alleged bad faith failure to settle a claim by interpleading its policy.[1] Counsel for the plaintiff at oral argument conceded that if this Court rejects the Third Circuit's construction of Delaware law, the plaintiff cannot proceed on his failure to interplead theory and Allstate's Motion for Partial Judgment on the Pleadings should be granted. He urges the Court to accept *McNally* as good law in Delaware. Allstate urges the Court to reject *McNally*.

---

1. 815 F.2d 254 (3rd Cir.1987).

In his written opposition to Allstate's motion, the plaintiff attached two affidavits. Since matters outside the pleadings are being considered, the motion will be considered as a motion for summary judgment.[2]

Defendants Michael A. Pedicone, Esquire, and Michael A. Pedicone, P.A. join in Allstate's motion.

## FACTS

On or about April 10, 2002, the plaintiff caused the above-mentioned automobile accidents, which injured three members of the Yates family (Samantha, William and Priscilla), who were in one vehicle, and Melissa Crawford, who was in the other. Allstate had the insurance on the Gruwell vehicle, which provided coverage with maximum limits of $50,000 per person and $100,000 per accident.

The Yates filed the first suit against Gruwell. Mr. Pedicone represented Mr. Gruwell in that suit. On February 18, 2004, the Yates' case underwent arbitration under Superior Court Rule 16.1[3]. The arbitrator issued an arbitrator's order in favor of Samantha Yates for $35,000, William Yates for $20,000 and Priscilla Yates for $20,000. Mr. Pedicone recommended that Allstate pay these awards without further litigation. It did so, and releases were obtained for those claims.

On December 29, 2003, before the arbitration in the Yates case, Melissa Crawford submitted a demand for $75,000 to Allstate for her injuries. Thus, when Allstate settled with the Yates, it was aware of the amount demanded by Crawford.

On February 4, 2004, Crawford filed her suit. Allstate did not become aware of it until April. Upon learning of the suit, Allstate undertook defense of the case. Prior to trial, Allstate paid Crawford the $25,000 without obtaining a full release. Crawford refused to sign a full release in exchange for said $25,000. At trial, in January of 2006, Crawford obtained a verdict against Gruwell in the amount of $500,000, which included $225,000 in punitive damages. Gruwell was represented in that suit by Mr. Pedicone, as well. In an affidavit submitted by the plaintiff dated May 15, 2008, the attorney who represented Crawford states that he would have agreed to provide Jeffrey Gruwell with a full and final release of claims in consideration for the interpleading of Jeffrey Gruwell's policy limits.

## STANDARD OF REVIEW

Summary judgment should be granted when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law.[4] The moving party bears the burden of establishing the non-existence of material issues of fact.[5] If a motion is properly supported, the burden shifts to the non-moving party to establish the existence of material issues of fact.[6] In considering the motion, the facts must be viewed in the light most favorable to the nonmoving party.[7] Thus, the court must accept all undisputed factual assertions and accept the non-movant's version of any disputed facts.[8] Summary judgment is inappropriate "when the record

2. *Appriva Shareholder Litigation Co., LLC. v. EV3, Inc.,* 937 A.2d 1275 (Del.2007).

3. Rule 16.1 has since been repealed.

4. Super. Ct. Civ. R. 56(c).

5. *Gray v. Allstate Ins. Co.,* 2007 WL 1334563, at *1 (Del.Super.).

6. *Id.*

7. *Pierce v. Int'l Ins. Co. of Ill.,* 671 A.2d 1361, 1363 (Del.1996).

8. *Merrill v. Crothall–American, Inc.,* 606 A.2d 96, 99–100 (Del.1992).

reasonably indicates that a material fact is in dispute or if it seems desirable to inquire more thoroughly into the facts in order to clarify the application of law to the circumstances." [9]

## DISCUSSION

John J. McNally, Jr. negligently collided with an airport limousine and injured fifteen people. The limits of his policy were $300,000 total, with a maximum of $100,000 per individual. An injured couple, the Eckmans, offered to settle their claims for $100,000. Nationwide's counsel urged the insurer to accept the settlement offer or interplead the policy into court so the court could divide the funds among all the injured parties. Nationwide declined to do either, and the Eckmans thereafter won a jury verdict of $3.15 million. McNally then sued Nationwide in the Delaware Federal District Court in the above-mentioned case of *McNally v. Nationwide Insurance Co.* His theory was that Nationwide had acted unreasonably in refusing either to accept the Eckmans' settlement offer or interplead its policy. The case was presented to a jury on this theory, and the jury rendered a verdict in favor of McNally.

On appeal, one of Nationwide's contentions was that the jury verdict was based upon an improper theory of a duty to interplead. Nationwide argued that the theory was an attempt to impose upon it a legal duty to interplead whenever one of the claimants would be induced by the interpleader not to seek additional damages from the insured. It further argued that interpleader without release cannot be the basis for a bad faith action because it does not discharge the liability of the insured and that claimants other than the Eckman's might have continued to pursue

McNally even after the interpleader. It further argued that interpleader is a privilege of the insurer rather than a right of the insured, and thus cannot give rise to liability.

The Third Circuit rejected Nationwide's contentions. Citing the Delaware Supreme Court case of *Stilwell v. Parsons,* 145 A.2d 397 (Del.1958), it recognized that, in a lawsuit between the insured and the party allegedly injured by the insured's conduct, liability of an insurer to its policyholder in excess of policy limits is based on the tortious conduct of the insurer, which under the policy has sole control of the defense. Quoting *Stilwell,* the Third Circuit noted that the insurer is liable if it "fail[ed] to use good faith or due care in settlement negotiations with plaintiff prior to trial." [10] The Third Circuit further noted that this good faith standard is satisfied only if the insurer acts the same as would a reasonable and prudent person where a judgment in excess of the policy limits might be obtained.

This standard, the Third Circuit reasoned, permitted the argument which McNally made to the jury: that given the facts of the case, if Allstate had interpled, the Eckmans would have accepted their share of the interpleader funds and would not have sought any additional funds from McNally, and further, that the other claimants also would not have litigated to judgment against McNally. The Third Circuit further explained McNally's theory as follows:

> The injury to the insured in a case brought against the insurer for bad faith failure to settle takes the form of a judgment against the insured which would not have been obtained had the insurer fulfilled its duty. The question whether the insurer's conduct caused

**9.** *Mumford & Miller Concrete, Inc. v. New Castle County,* 2007 WL 404771, at *1 (Del.Super.).

**10.** *McNally,* 815 F.2d at 259.

this injury, by inducing claimants to sue the insured, is a simple question of causation, like any other causation question, for example, in any garden variety tort case. If the claimants would not have sued if the insurer had interpled, then it should be possible for a jury to find that the insurer's failure to interplead was a proximate cause of the plaintiff's injury.

Although the facts and procedural posture of the case in *Stilwell* are quite distinguishable from those here, no case has been brought to the Court's attention which undermines the legal principle for which it was cited by the Third Circuit.

As support for its motion, Allstate cites *Tackett v. State Farm Fire & Casualty Insurance Company.*[11] It contends that under *Tackett* a first-party claim against the insurer is governed by contract law. *Tackett,* however, was an underinsured motorist case. It did not involve a claim alleging an insurer's failure to settle a claim asserted against its insured. The nature of the claim asserted in *Tackett* renders it legally distinguishable from and not applicable to this case.

Therefore, I am satisfied that *McNally* states good law in Delaware and I adopt its legal analysis. The plaintiff will be permitted to pursue his theory at least through the completion of discovery. Whether the facts support that theory, after the record is fully developed, is a matter which can be addressed on motion after discovery is complete.

As is made clear in *McNally,* my ruling does not create a duty always to interplead whenever a claimant, in this case Crawford, will be induced thereby to settle her claim. The plaintiff must establish, by a preponderance of the evidence, that if interpleader had occurred, Crawford would have settled her claim within policy limits and all other claimants would not have litigated their claims to judgment, at least not to any judgment that the insurer would not be obligated to pay.

Other issues discussed by the parties in their submissions, such as issues related to damages, can be addressed at a later point in the proceeding.

The defendants' Motion for Summary Judgment is *denied.*

**IT IS SO ORDERED.**

---

11.   653 A.2d 254 (Del.1995).