# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

ELIZABETH FISHER, )
)
     Plaintiff, )
)
    v. )
)
DELAWARE RIVER AND BAY )
AUTHORITY, )
)
     Defendant/Third Party )     C.A. No. N18C-06-118 AML
     Plaintiff, )
)
    v. )
)
NEW CASTLE COUNTY CHAMBER )
OF COMMERCE, INCORPORATED, )
)
     Third Party Defendant. )

Submitted: December 9, 2019
Decided: March 9, 2020

## ORDER

**Third Party Defendant New Castle County Chamber of Commerce's
Motion for Summary Judgment: Granted**

1. A commercial property tenant seeks summary judgment on claims for contribution and indemnification filed by the lessor. The tenant's employee sued the lessor for injuries the employee sustained in a fall on the leased premises. The lease agreement required the lessor to maintain and repair specified areas of the premises. The injured employee contends the lessor was negligent in failing to maintain and repair the property and that negligence was the actual and proximate

cause of her injuries. The lessor contends (i) it was not negligent, and (ii) it is entitled to contribution and/or indemnification from the tenant because the employee's injuries proximately were caused by the tenant's negligence.

2.    The tenant seeks summary judgment as to both the contribution and indemnification claims, arguing the lessor cannot state a viable contribution theory and is not entitled to indemnification. The pending motion largely turns on which party bears an obligation to repair the area where the employee fell. I conclude the motion for summary judgment must be granted as to both claims because (i) the injured party's employer cannot be held liable as a joint tortfeasor for a contribution claim, and (ii) the tenant did not owe any duty regarding the area of the premises at issue and therefore the lessor has no indemnification claim. My reasoning follows.

**BACKGROUND**

3.    The following facts are taken from the record, drawing all inferences in favor of the non-moving party. In 2007, Defendant and Third Party Plaintiff Delaware River and Bay Authority ("DRBA") executed a lease agreement (the "Lease Agreement") to sublease 12 Penns Way, New Castle, Delaware (the "Leased Premises") to Third Party Defendant New Castle County Chamber of Commerce, Inc. ("NCCCC").[1] Under the Lease Agreement, DRBA agreed to provide certain

---

[1] *See* Third Party Def. New Castle Co. Chamber of Commerce's Mot. for Summ. J. (hereinafter "Third Party Def.'s Mot. for Summ. J.") Ex. A, Lease By and Between The Delaware River and Bay Auth. and New Castle Co. Chamber of Commerce (hereinafter "Lease Agreement") § 6(a).

2

maintenance and repair services, including "[s]tructural and non-structural repairs to the [b]uilding, [p]arking, [p]arking areas, walks and driveways."[2]

4.      On September 15, 2016, Plaintiff, a NCCCC employee, was carrying a box when she fell down concrete stairs leading from the building on the Leased Premises to the adjacent parking lot. Plaintiff alleges she fell after she caught her ankle in a hole on the stairs, resulting in several injuries, hospitalization, and surgery.

5.      Plaintiff brought a negligence claim against DRBA on June 15, 2018 alleging, among other things, that DRBA failed to maintain and repair the stairs and that DRBA's negligence directly and proximately caused Plaintiff's injuries. On November 30, 2018, DRBA answered the complaint and filed a third party complaint against NCCCC for contribution and/or indemnification. After discovery was underway, NCCCC moved for summary judgment on both of DRBA's claims, and the parties briefed and argued that motion.

## ANALYSIS

6.      Under Superior Court Civil Rule 56, a party is entitled to summary judgment if there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law.[3] A material issue of fact exists if "a rational finder of fact could find some material fact that would favor the nonmoving party in

---

[2] *See id.*; Third Party Def.'s Mot. for Summ. J. Ex. B, Landlord Services (hereinafter "Landlord Services").
[3] Super. Ct. Civ. R. 56(c).

3

a determinative way[.]"[4] The record must be viewed in the light most favorable to the non-moving party.[5]

7. The initial burden is on the moving party to demonstrate that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.[6] If the moving party meets that initial burden, the burden shifts to the non-moving party to show that a genuine issue of material fact is in dispute.[7] "It is not enough for the opposing party merely to assert the existence of such a disputed issue of fact[,]" and "[i]f the facts permit reasonable persons to draw from them but one inference, the question is ripe for summary judgment."[8]

## I. The contribution claim fails because Plaintiff's employer cannot be held liable as a joint tortfeasor.

8. NCCCC argues DRBA's contribution claim fails because NCCCC cannot be held liable as a joint tortfeasor as a matter of law. NCCCC was Plaintiff's employer at the time of the incident and paid out workers' compensation benefits for her injuries, and NCCCC therefore is not obligated to provide contribution to DRBA. DRBA concedes NCCCC cannot be held liable as a joint tortfeasor based upon a contribution theory.

---

[4] *Deloitte LLP v. Flanagan*, 2009 WL 5200657, at *3 (Del. Ch. Dec. 29, 2009).
[5] *Gruwell v. Allstate Ins. Co.*, 988 A.2d 945, 947 (Del. Super. 2009).
[6] *Brzoska v. Olson*, 668 A.2d 1355, 1364 (Del. 1995).
[7] *Id.* (citing *Moore v. Sizemore*, 405 A.2d 679, 680 (Del. 1979)).
[8] *Id.* (citing *Wootten v. Kiger*, 226 A.2d 238, 239 (Del. 1967)).

4

9.      In Delaware, "every employee is bound to accept compensation for personal injury caused by [an] accident arising out of and in the course of employment, regardless of the question of negligence and to the exclusion of all other rights and remedies."[9]   Additionally, imposing joint tort liability on an employer is prohibited in a suit "brought by an injured employee against a third party where the employer has paid compensation benefits to the employee."[10]   An employer is not obligated to provide contribution to such third party because the employer cannot be held liable as a joint tortfeasor.[11]   Accordingly, DRBA's contribution claim fails and NCCCC is entitled to summary judgment as to that claim.

## II.     There are no disputed, material facts as to whether NCCCC owed or breached any duty with respect to the area of the Leased Premises where Plaintiff was injured.

10.      As to DRBA's indemnification claim, NCCCC contends there is no indemnification right arising under the Lease Agreement.  NCCCC argues DRBA does not identify any contractual provision that requires NCCCC, as a tenant, to maintain, repair, remedy, or report any condition on the exterior stairs on the Leased Premises.  NCCCC contends that even if a jury found DRBA liable in any way for

---

[9] *Precision Air, Inc. v. Standard Chlorine of Delaware, Inc.*, 654 A.2d 403, 406 (Del. 1995) (citing *Histed v. E.I. Du Pont de Nemours & Co.*, 621 A.2d 340, 342 (Del. 1993)); *see* 19 *Del. C.* §§ 2301-2397 (Workmen's Compensation Act).
[10] *Precision Air*, 654 A.2d at 407.
[11] *Id.*; *see* 10 *Del. C.* § 6301.

5

Plaintiff's injuries, DRBA still would not be entitled to indemnification from NCCCC.

11. DRBA argues it is entitled to indemnification based on Section 5(d) of the Lease Agreement, which requires NCCCC, in pertinent part, to indemnify and hold DRBA "harmless from and against any claims, actions or causes of action, or any damages, loss, liability, costs and expenses" caused by any negligent "act, omission, performance or nonperformance" of NCCCC, or "arising out of [NCCCC's] possession, use, control or management" of the Leased Premises.[12] DRBA argues the Court should deny the summary judgment motion as to this claim because NCCCC was negligent either by (1) failing to report the dangerous condition, or (2) failing to maintain the exterior stairs, which DRBA argues it had no contractual obligation to maintain or repair. DRBA alternatively argues their indemnification claim is not limited to NCCCC's alleged negligence and that summary judgment is premature as discovery is still ongoing.

12. A third party has a right to maintain an action against a negligent employer who may be liable for indemnity if the employer has breached an independent duty owed to the third party or if there is a basis for finding an implied promise of indemnity.[13] In such a case, the exclusivity provision of the workmen's

---

[12] *See* Lease Agreement § 5(d).
[13] *Precision Air*, 654 A.2d at 408 (citing *SW (Delaware), Inc. v. Am. Consumers Indus., Inc.*, 450 A.2d 887, 888-89 (Del. 1982)) (internal alterations and quotations omitted).

compensation law is no bar to the third party claim against the employer.[14]

13.     Although indemnification could be available to DRBA under Delaware law and Section 5(d) of the Lease Agreement, it is not available under the facts of this case. First, it is evident from the plain language of the Lease Agreement that DRBA, not NCCCC, bore responsibility for repairing and maintaining the stairs where Plaintiff fell. DRBA's contractual maintenance and repair duties include "walks."[15] The plain meaning of that term encompasses the ingress and egress areas of a building, including stairs leading from the building to the adjacent, leased parking lot.[16] A common understanding of the term "walks" would include all walkways, whether flat, stairs, or ramps. The Lease Agreement also does not contain any express contractual duty to report unsafe conditions.

14.     Second, there is no factual dispute regarding whether NCCCC owed an implied duty to report unsafe conditions.[17] And, even if there was an implied duty to report conditions of which NCCCC had knowledge, nothing in the record permits

---

[14] *Id.* (citing *SW (Delaware)*, 450 A.2d at 888-89) (internal alterations and quotations omitted).
[15] *See* Landlord Services.
[16] *See* Lease Agreement § 6(a); Landlord Services. The stairs at issue in this case were seven stairs leading from the employee door to the parking lot.
[17] DRBA relies on the deposition of an NCCCC executive assistant, Barbara Weiss, who testified it was NCCCC's duty to report unsafe conditions to DRBA if and when NCCCC became aware of such a condition. *See* Barbara Weiss Dep. Tr. 18, 21, 26, 29. That argument does not save DRBA's claim. First, the testimony of a party's employee cannot vary the terms of an unambiguous contract. Second, Ms. Weiss specifically testified that she was not aware of an unsafe condition on the stairs. *See id.* at 32-33. Therefore, the existence of any implied duty to warn is academic.

7

an inference that NCCCC breached such a duty by not reporting the stairs' condition. That is, there is nothing in the record from which a fact finder could conclude NCCCC was aware of the allegedly unsafe condition.

15.   The fact that discovery is ongoing does not preclude summary judgment because the contract controls,[18] and because DRBA did not identify by affidavit any factual issues for which discovery is sought that are material to this motion.[19]

**CONCLUSION**

For the foregoing reasons, Third Party Defendant New Castle County Chamber of Commerce's Motion for Summary Judgment is **GRANTED. IT IS SO ORDERED.**

_____
Abigail M. LeGrow, Judge

Original to Prothonotary
cc:   Susan L. Hauske, Esquire
       Tracy A. Burleigh, Esquire
       Bayard Marin, Esquire

---

[18] *See Verbitski v. Diamond State Port Corp.*, 2019 WL 1501111, at *2 (Del. Super. Apr. 4, 2019).
[19] *See* Super. Ct. Civ. R. 56(f).  When the Court inquired at oral argument, DRBA similarly could not identify any such discovery.