# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

|  |  |  |
|---|---|---|
| Kimberly Boulden and Brian Boulden, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No.: N19C-03-116 FJJ |
| v. | ) | |
| | ) | |
| Rhonda D. Mosley and State Farm | ) | |
| Mutual Automobile Insurance Company, | ) | |
| | ) | |
| Defendants. | ) | |

Submitted: April 9, 2021
Decided: April 15, 2021

## ON DEFENDANT RHONDA D. MOSELY'S
## MOTION FOR SUMMARY JUDGMENT

## GRANTED

## OPINION AND ORDER

*David A. Denham, Esquire,* Schuster Jachetti, LLP, 3407 Lancaster Pike, Suite A, Wilmington, Delaware, *Attorneys for Plaintiff.*

*Benjamin C. Wetzel, Esquire,* Wetzel & Associates PA, 2201 W. 11th Street, Wilmington, Delaware, *Attorneys for Defendant Rhonda D. Mosely.*

*Patrick G. Rock, Esquire, Heckler & Frabizzio, PA,* 300 Delaware Avenue, Wilmington, Delaware, *Attorneys for Defendant State Farm Mutual Automobile Insurance Company.*

**Jones, J.**

This matter arises out an automobile accident that occurred on August 6, 2017, at approximately 12:30 a.m. The accident occurred on Ogletown-Stanton Road in the vicinity of its intersection with Salem Church Road in New Castle County. At the time of the accident, Plaintiff's vehicle was stopped at a red light when her vehicle was struck from behind by a pick-up truck. Immediately after the accident, Plaintiff called 911 to report the accident. While Plaintiff was on the phone with 911 dispatch, the operator of the pick-up truck pulled alongside Plaintiff's vehicle and suggested they pull into a nearby parking lot. Instead of doing so, the pick-up truck left the scene. During the 911 call, the Plaintiff described the other vehicle as a blue Ford pick-up with a tag number of 42379. Plaintiff described the driver of the pick-up as a fairly thin, Caucasian female with blonde hair.

Delaware tag 42379 is associated with a blue pick-up truck owned by Rhonda Mosley ("Rhonda"). It is undisputed that Ms. Mosley is an elderly black female. Ms. Mosley had loaned the pick-up truck to her grandson Brandon Mosley ("Brandon"). It is undisputed that Brandon was not operating the pick-up at the time of the accident. Brandon is however married to Jennifer Mosley ("Jennifer") who apparently does fit the description of a Caucasian female with blonde hair.

The defendants in this case are Rhonda, who has been sued on a theory of negligent entrustment, and State Farm Mutual Automobile Insurance Company in its capacity as the Plaintiffs' uninsured motorist carrier. Rhonda has moved for summary

2

judgment.  For the reasons stated herein Rhonda's Motion for Summary Judgment is GRANTED

## STANDARD OF REVIEW

Under Superior Court Civil Rule 56, a party is entitled to summary judgment if there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law.[1]  A material issue of fact exists if "a rational finder of fact could find some material fact that would favor the nonmoving party in a determining way[.]"[2]  The factual record on a summary judgement motion must be viewed in the light most favorable to the non-moving party.[3]

The initial burden is on the moving party to demonstrate there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law.[4]  If the moving party meets the initial burden, the burden shifts to the non-moving party to show that a genuine issue of material fact exists.[5]  "It is not enough for the opposing party merely to assert the existence of such a disputed issue of fact. . . [i]f the facts permit reasonable persons to draw from them but one inference, the question is ripe for summary judgment."[6]  Where a moving party submits an affidavit in support of a motion for summary judgment, the opposing party must submit a

---

[1] Super. Ct. Civ. R. 56(c).
[2] *Deloitte LLP v. Flanagan*, 2009 WL 5200657, at *3 (Del. Ch. Dec. 29, 2009).
[3] *Gruwell v. Allstate Ins. Co*., 988 A.2d 945, 947 (Del. Super. 2009).
[4] *Brzoska v. Olson*, 668 A.2d 1355, 1364 (Del. 1995).
[5] *Id*. (citing *Moore v. Sizemore*, 405 A.2d 679, 680 (Del. 1979)).
[6] *Id*. (citing *Wootten v. Kiger*, 226 A.2d 238, 239 (Del. 1967)).

countervailing affidavit or other evidence, or the moving party's affidavit will be presumed to be true.[7]

## **DISCUSSION**

It is well established that the owner of an automobile is not liable for injuries negligently caused when it is operated by another person whom the owner has permitted to use the vehicle,[8] absent some agency relationship between the owner and the operator.[9] Notwithstanding this general rule, an exception exists when the owner permits the use of her automobile by an operator whom the owner knows to be so reckless or incompetent that the automobile becomes a dangerous instrumentality. In such a case, the owner may thereby become liable for damages arising from the driver's negligent operation of the vehicle.[10] The liability of the owner is premised on her own negligence in entrusting the automobile to one unfit to operate it. This tort, negligent entrustment, has been recognized in Delaware.[11]

To prevail on a claim for negligent entrustment, the plaintiff must establish that: (1) a vehicle was entrusted by the owner; (2) to a reckless or incompetent driver such that, in that driver's control, the automobile becomes a dangerous instrumentality, (3) the owner knows or has reason to know the driver is reckless or incompetent, and (4)

---

[7] *Highline Financial Services, Inc. v. Rooney,* 1996 WL 663100, at *1 (Del. Supr. 1996).
[8] But see 21 *Del.C.* §§6104 and 6105.
[9] *Smith v. Callahan*, 144 A. 46 (Del. 1928); *Berger v. Millstone*, 2001 WL 1638308 (Del Super., 2001).
[10] *Berger v. Millstone*, 2001 WL 1638308, (Del. Super., 2001)
[11] *Roman v. Brown,* 2019 WL 4121044, (Del. Super., 2019); *Berger v Millstone*, 2001 WL 1628308, (Del. Super., 2001).

4

said driver causes damage to persons or property.[12] The standard for proving entrustment to a reckless or incompetent driver is high in Delaware.[13]

In the briefing in this case the parties spent a great deal of time on whether the record created a factual question about whether Rhonda's pick-up was involved in the accident and whether Jennifer was operating the pick-up at the time of the accident. Based on the record presented, this Court has serious doubts about whether a jury would conclude that Rhonda's pick-up was involved in the accident or that Jennifer was in fact driving it. However, these two factual questions are not material to the instant summary judgment motion.

Rhonda lent the vehicle to Brandon. She had no knowledge that Brandon would lend the pick-up to another party. On this basis alone Delaware law dictates a finding that Rhonda is not liable.[14] In the factual analogous case of *Roman v. Brown*, the plaintiff was injured by an individual operating a scooter. The scooter had been loaned by an employee of a scooter store to a customer. The customer lent the scooter to a relative who then injured the plaintiff with the scooter. Plaintiff sued the scooter store, its owner, and the employee for negligent entrustment. This Court found that the defendants were not liable for negligent entrustment, stating:

> The Court considered a similar claim in *Berger v Millstone*. *Berger* involved a rental car that had been lent by the original entrustee to a friend who was then involved in an accident. In denying the plaintiffs' claim against the

[12] Id; *Finkbiner v. Mullins*, 532 A2d 609, (Del. Super., 1987); *Markland v. B & O Railroad Co.*, 351 A2d 89 (Del. 1976).

[13] *Berger v Millstone*, 2001 WL 1628308 (Del Super. 2001).

[14] *Roman v. Brown,* 2019 WL 4121044 (Del. Super., 2019); *Berger v. Millstone*, 2001 WL 1638308 (Del. Super., 2001).

rental car company for negligent entrustment, the Court reasoned that "to suggest that (the original entrustor) would have a duty to prevent negligent injuries by any operators unknown to it, and without possibly having any knowledge of the skill or competence of any drivers unknown to it, would be an unreasonable and unfair extension of the negligent entrustment doctrine."

Both the *Roman* and *Berger* decisions compel a finding that Rhonda is entitled to summary judgment because there is no evidence that she was aware that the vehicle would be operated by someone other than Brandon.

Even assuming for the sake of argument that Rhonda knew that Jennifer was going to drive the pick-up no evidence has been presented that Jennifer was a reckless or incompetent driver. Jennifer's driving record has been submitted as evidence in this motion. Her driving record shows no points and gives no indication of reckless or dangerous driving. [15] The Court gave the non-moving parties the opportunity to rebut this evidence. No such rebuttal evidence was provided by the non-moving parties. As there is no contrary evidence in the record rebutting Jennifer's clean driving record it is accepted as true.[16] Therefore, there is no evidence supporting a claim based on negligent entrustment of the vehicle to Jennifer.

For the above stated reasons Rhonda Mosley's Motion for Summary Judgment as to any and all claims against her, be and hereby is GRANTED.

**IT IS SO ORDERED**.

/s/ *Francis J. Jones, Jr.*

---

[15] See exhibit D to Rhonda Mosley's Reply in Support of Her Motion for Summary Judgment.
[16] *Coleman v. Garrison*, 327 A.2d 757, 762 (Del. Super 1974).

Francis J. Jones, Jr., Judge

cc:     File&ServeXpress