**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

LAURIE SCIOCCHETTI,

               Plaintiff,

    v.

KAREN SPRING and JOSEPH SCHARF,

               Defendants.

C.A. No. N20C-11-027 SPL

TRIAL BY JURY OF TWELVE DEMANDED

Submitted: January 3, 2023
Decided: April 18, 2023

## ORDER

**Upon Defendants' Renewed Motion for Summary Judgment: DENIED**

1. The plaintiff in this case was injured in a motor vehicle accident allegedly caused by one of the defendants. The parties offer contradicting evidence as to the specific date on which the accident occurred. With discovery complete, the defendants now seek summary judgment on the basis that there is no genuine issue of material fact that the accident occurred more than two years before the plaintiff filed her complaint. The defendants therefore contend the plaintiff's claims are time-barred under Delaware's two-year statute of limitations for personal injury actions. For the reasons that follow, the defendants are not entitled to summary judgment because a genuine material factual dispute exists as to the specific date the accident occurred.

## FACTUAL & PROCEDURAL BACKGROUND

2.      In November 2018, Laurie Sciocchetti ("Plaintiff") was involved in an automobile accident with Defendant Karen Spring ("Spring").[1] Plaintiff alleges the accident occurred on or about November 6, 2018, and she sustained severe and permanent injuries because of the accident.[2]  On November 3, 2020, Plaintiff filed a complaint in this Court seeking damages.[3]

3.      In Count I, Plaintiff claims Spring negligently failed to operate and control her vehicle in a safe and proper manner.[4] In Count II, Plaintiff claims Defendant Joseph Scharf ("Scharf") negligently entrusted his vehicle to Spring when he knew or should have known she was unfit to drive.[5]

4.      On March 5, 2021, Spring and Scharf (collectively, "Defendants") moved for summary judgment (the "Motion") on the basis that Plaintiff's complaint was not filed in a timely manner.[6] Defendants argued the accident occurred on November 1, 2018. Under Delaware law, a party seeking to recover for personal injuries must file suit within two years of the date on which the alleged injuries were

---

[1] Compl. ¶ 5.
[2] *Id.*
[3] D. I. 1.
[4] *Id.* ¶ 7(a). A full list of Plaintiff's allegations can be found in Compl. ¶ 7(a-j).
[5] *Id.* ¶¶ 14-16.
[6] Defs.' Mot. for Summ. J.

sustained.[7] Defendants contended if the accident occurred on November 1, 2018, Plaintiff's claim would be time-barred under the two-year statute of limitations.[8]

5.    Plaintiff opposed Defendants' Motion on the basis that the question of when the accident in fact took place is a factual issue to be resolved by the jury.[9] On May 5, 2021, this Court denied Defendants' Motion because discovery was needed to identify the date of the motor vehicle accident.[10]

6.    On October 28, 2022, after discovery was complete, Defendants renewed their Motion on the same statute of limitations grounds.[11] On January 3, 2023, Defendants filed a letter with the Court explaining the parties had agreed to resolve this matter in binding arbitration.[12]  Counsel, however, asked the Court to rule on the pending renewed Motion for Summary Judgment.[13]  The pending motion then was referred to the undersigned judicial officer for resolution because the previously assigned judge had retired from the Court.

**ANALYSIS**

7.    Under Superior Court Civil Rule 56, a party is entitled to summary judgment if there is no genuine issue as to any material fact and the moving party is

---

[7] *Id.* ¶ 7.
[8] *Id.*
[9] Pl.'s Resp. Opp. Defs.' Mot. for Summ. J. ¶ 13.
[10] D.I. 9.
[11] *Id.* 22.
[12] *Id.* 26.
[13] *Id.*

entitled to a judgment as a matter of law.[14] A material issue of fact exists if "a rational finder of fact could find some material fact that would favor the non-moving party in a determining way[.]"[15] The initial burden is on the moving party to demonstrate there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law.[16] If the moving party meets the initial burden, the burden shifts to the non-moving party to show that a genuine issue of material fact is in dispute.[17]

8. Where the moving party produces an affidavit or other evidence in support of its motion and the burden shifts, the non-moving party may not rest on its own pleadings, but instead must provide evidence of a genuine issue of material fact to be resolved at trial.[18] If, after discovery, the non-moving party cannot make a sufficient showing of the existence of an essential element of the case, summary judgment must be granted.[19]

9. A court deciding a summary judgment motion must identify disputed factual issues whose resolution is necessary to decide the case, but the court may not resolve any such disputed issue.[20] The court must evaluate the facts in the light most

---

[14] Del. Super. Ct. Civ. R. 56(c).
[15] *Deloitte LLP v. Flanagan*, 2009 WL 5200657, at *3 (Del. Ch. Dec. 29, 2009).
[16] *Brzoska v. Olson*, 668 A.2d 1355, 1364 (Del. 1995).
[17] *Id.* (citing *Moore v. Sizemore*, 405 A.2d 679, 680 (Del. 1979)).
[18] Del. Super. Ct. Civ. R. 56(e); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23 (1986).
[19] *Thou v. Motiva Enters, LLC*, 2009 WL 1515602, at *4 (Del. Super. May 29, 2009).
[20] *Merrill v. Crothall-Am., Inc.,* 606 A. 2d 96, 99 (Del. 1992).

favorable to the non-moving party.[21] Summary judgment will not be granted where the record reasonably indicates that a material fact is in dispute or if it seems desirable to inquire more thoroughly into the facts in order to clarify the application of law to the circumstances.[22]

10.     Defendants present evidence supporting their position that the accident occurred on November 1, 2018. That evidence includes photographs Defendants took at the accident scene with metadata indicating they took the pictures on November 1, 2018, transcripts from recorded telephone interviews Plaintiff and Spring gave to the Defendants' insurance carrier stating the accident occurred on November 1, 2018, and a copy of the record of the Plaintiff's first visit to her chiropractor on November 5, 2018, where she told the doctor the accident happened on November 1, 2018.[23]

11.     During discovery, Plaintiff testified she had no recollection of the exact date of the accident because almost four years had elapsed, but she remembered it was "around the 5 or 6" of November.[24] In her response to Defendants' renewed Motion, Plaintiff presented evidence supporting her recollection that the accident allegedly took place on either November 5 or 6, 2018. Plaintiff represented to her

---

[21] *Gruwell v. Allstate Ins. Co.*, 988 A.2d 945, 947 (Del. Super. Feb. 27, 2009).
[22] *Ebersole v. Lowengrub*, 180 A.2d 467, 468-69 (Del. 1962).
[23] Defs.' Mot. for Summ. J. Exs. A-C.
[24] Pl.'s Dep. at 25.

counsel and her treating physician that the accident occurred on November 6, 2018.[25]

During treatment with her chiropractor, Plaintiff also stated the accident happened

on November 5, 2018.[26]

12.     Viewing the facts in the light most favorable to the non-moving party, an issue of material fact remains as to whether the accident occurred on November 1, 2018, or November 5 or 6, 2018.[27] Plaintiff has provided sufficient evidence to establish that a genuine issue of material fact exists regarding the date of the accident. Although Defendants present compelling evidence in support of their position, the Court cannot weigh conflicting evidence.[28] Weighing evidence is within the exclusive province of the jury.  Summary judgment therefore is not warranted.

**CONCLUSION**

13.     For the foregoing reasons, Defendants' Motion for Summary Judgment is **DENIED**.

    **IT IS SO ORDERED.**

                                      */s/ Abigail M. LeGrow*
                                        Abigail M. LeGrow, Judge

---

[25] Pl.'s Resp. Defs.' Mot. for Summ. J. Ex. B, Ex. C.

[26] *Id.* Ex. D.

[27] For purposes of applying the statute of limitations in this case, there is no difference between November 5 or 6.

[28] *Thou*, 2009 WL 1515602, at *6 (citing *Merrill*, 606 A.2d at 99).